Prudencio Vidal Rivas DE LEON; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–70759.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carolyn E. Reinholdt, Esq., San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

■ Prudencio Vidal Rivas De Leon, his wife Migdalia Ceferina De Leon Aguilar, and their daughter Cindy Joanna Rivas–Vargas, are natives and citizens of Guatemala. They seek review of the Board of Immigration Appeals' decision summarily affirming the ruling of an Immigration Judge ("IJ") denying their application for asylum and withholding of removal. We lack jurisdiction to review the IJ's denial of petitioners' request for voluntary departure. See 8 U.S.C. § 1229c(f); *Alvarez–*

---

** This disposition is not appropriate for publication and is not precedent except as provid-

*Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. We deny the petition for review.

■ The inconsistencies between petitioners' asylum application and testimony, regarding the identity of the men who attacked Mr. Rivas De Leon on one occasion and raped his wife on another, relate to the nature and extent of the conduct that he claims amounted to persecution, and went to the heart of petitioners' asylum claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Therefore, substantial evidence supports the IJ's adverse credibility finding. *See id.* at 1045.

Because petitioners failed to satisfy the lower standard of proof for asylum, they necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos,* 332 F.3d at 1255.

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**